MCINTOSH<br>*v.*<br>FAIRES.

---

## E. GIROD *v.* M. J. BELKNAP.

The knowledge of the existence of a disease in a slave by the buyer, which would deprive him of his action to rescind the sale for a redhibitory vice, must be clearly established. It will not be sufficient to prove merely, that there was some conversation about the health of the slave, although the vendee may have said " he knew all about the slave."

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Dufour*, for plaintiff. *Koonts* and *J. J. Michel*, for defendant and appellant.

COLE, J. This is a suit for the rescission of the sale of a slave, on the ground of a redhibitory disease. There was judgment in the lower court for plaintiff.

The evidence shows, that the slave is afflicted with stricture of the rectum, and that plaintiff has done all in her power to effect a cure ; she caused, under the advice of physicians, a surgical operation to be performed, which relieved her slightly.

It appears from the testimony, that a perfect cure cannot be attained.

*Dr. Chaillé* testifies, that the operation was performed by himself, assisted by *Dr. Mercier*, that she was temporarily relieved thereby, but he expected at the time she left the hospital that the stricture would return as bad as before, and that the relief would not be permanent, and thought that success in this particular case was very doubtful—he also states that such a disease, during its existence, most assuredly disables a slave, unless relieved or removed by an operation.

*Dr. Dumont* testifies, that she is incapable of rendering any services for she is too weak.

*Dr. Turpin* says, that a slave afflicted with this disease is perfectly useless, for it induces every species of disorders.

*Drs. Turpin* and *Dumont* believe that this disease existed in the slave before the sale.

*Dr. Kennedy* declares, that he does not think a stricture of the rectum can be cured even if taken before it becomes chronic, from the fact that the commencement of this disease is not suspected, and when once made manifest by symptoms, the probability is that it has progressed so far as to be ultimately incurable.

Defendant has tried to show by some conversations that occurred about the time of the sale by her to plaintiff, that the latter was cognizant of the disease before the sale and consequently cannot now plead it as a valid ground for the rescission of the sale : but these conversations do not show that the nature and extent of the disease were explained to plaintiff.

In order to make knowledge of the existence of a disease, fatal to a claimant for a rescission of a sale for redhibitory defects, it must be clearly established, that the vendee was aware of the disease for which the redhibitory action is instituted, and it is not sufficient to prove merely, that there was some conversation about the health of the slave, and that the vendee said, "she knew all about the slave," for it may be that the slave may be affected with some disease only known to the vendor.

The evidence shows, that the vendee refused to pay the money for the slave unless the clause of warranty was inserted. It might be concluded from this, that during these conversations, the vendor insisted that the slave was but slightly affected; but that, notwithstanding this, plaintiff insisted on the insertion of the clause.

The opinion of the physicians as to the existence of this disease before the sale is corroborated by the fact, that a previous owner of the slave sold her to *Bernard Kendig*, the vendor to defendant, and only warranted her in title ; and also by the conversations between plaintiff and defendant just before passing the sale; which show, that the slave was spoken of as being in some way sick, although neither the nature nor extent of the disease were made known to plaintiff.

We think there is no error in the judgment.

Defendant suggests, that even if the sale is rescinded, she ought not to be held liable for the costs of the first trial.

It appears there was a judgment of nonsuit on the first trial against plaintiff, because she had not alleged that the disease existed anterior to the sale, but the Judge afterwards granted a new trial, and allowed plaintiff to amend by making this averment; it also appears that the evidence taken on the first trial was by agreement of counsel admitted *de novo* in evidence, with the exception of *Dr. Chaillé's* testimony.

We are of opinion that defendant is liable for the costs of the first trial.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.